MALONE

v.

NASH MISSISSIPPI VALLEY MOTOR CO.

---

(April 25, 1927. Opinion and Decree.)
(May 23, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 625.**

Where only questions of fact are involved and the evidence sustains the finding of the trial judge the judgment will be affirmed.

Appeal from Civil District Court. Div. "D." Hon. Porter Parker, Judge.

Action by J. Fuller Malone against Nash Mississippi Valley Motor Company, Inc.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellee.

Monroe & Lemann, J. W. Hopkins, of New Orleans, attorneys for plaintiff, appellant.

JONES, J. This is a suit for seven hundred fifty ($750) dollars, with interest, for damages arising out of a fraud alleged to have been practiced by the defendant against the plaintiff in the sale of an automobile. There was a judgment in favor of plaintiff for four hundred ($400.00) dollars, together with interest and cost, and the defendant has taken this appeal therefrom.

Petitioner alleged that on September 1, 1922, the wife of petitioner, as his agent, purchased from defendant, a Nash coupe for thirteen hundred ($1300.00) dollars, and in part payment thereof gave a Jeffrey automobile of the value of three hundred fifty ($350.00) dollars, and for the balance, namely nine hundred fifty ($950.00) dollars, he paid defendant cash.

Petitioner further alleged that the agent of the defendant represented to Mrs. Malone that the automobile which defendant was selling had been used as a demonstrator, which had not been operated for more than 250 miles, and that the entire car and its equipment, including tires, was practically new, but because of its use, though very limited, the defendant could not sell the automobile as a new car. It was further alleged that after the automobile had been operated for a short while petitioner learned that defendant had practiced a fraud upon him and that the car, instead of being a new car which had been driven only 250 miles, was a reconstructed automobile which had been in use in Memphis, Tennessee, had been operated for more than 2,500 miles, had subsequently been sent to the factory of the Nash Motor Car Company and a new engine put therein, and made to look like a new car.

Petitioner further alleged that although it had been represented to him that the car was the latest model on the market during September, 1922, he has since found that the car was of a model two years older, and that the representations made to him were wholly untrue and constituted a fraud.

Petitioner further set out that the defendant corporation, although it has promised to make petitioner whole, has since refused to do so, and that it is unable to do so because it had already sold the automobile which was traded in to it by petitioner, and that the car sold to him was of the value of seven hundred fifty ($750.00) dollars less than the value of the car which defendant represented that it was selling, and petitioner has, therefore, been injured to the extent of seven hundred fifty ($750.00) dollars.

The answer of the defendant admitted the sale of the car to the petitioner, but denied that it had acted fraudulently, but, on the contrary, had given to petitioner and his wife a full history of the car prior to its purchase by them, and had informed them that the car had been in the possession of a Nash distributor in Memphis, Tennessee, and had there been used, and subsequently returned to the factory, where a new engine was installed. It denied that it had represented to plaintiff that the automobile had gone only 250 miles and averred that representation had only been made with reference to the motor in the automobile.

The case involves only questions of fact.

The judge of the lower court, who had the opportunity of seeing and hearing the witnesses decided the question in favor of plaintiff. His conclusion is sustained by an analysis of the testimony of the witnesses and by the collateral facts.

The plaintiff was willing to buy a car that had run 250 miles, but was sold a car with a body that had run possibly 2,500 miles, and with a motor that had gone only 250 miles. The purchase price of the car now was one thousand, five hundred ninety-five ($1,595.00) dollars.

The testimony of Brand (Tr. 53), who is engaged in putting a value upon such

cars, is that the car was worth not more than eight hundred ($800.00) dollars.

Woodward, who had had long experience in pricing cars, testified that the car was worth only one thousand ($1,000.00) dollars, or a difference of three hundred fifty ($350.00) dollars.

The court, after hearing all of the testimony, concluded that a judgment of four hundred ($400.00) dollars would do justice between the parties, and accordingly rendered judgment for that amount. We believe that an affirmance of the judgment would do substantial justice to the parties.

For the above reasons the judgment is affirmed.